# EXHIBIT A

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY LAW**
By: Kristin H. Buddle, Esquire
Attorney I.D. No.: 312284
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
*Attorney for Plaintiff(s)*

Filed and Attested by the Office of Judicial Records 10 DEC 2025 01:11 pm BALILONIS

**THER IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

---

| | | |
|---|---|---|
| **KIMBERLY KING And**<br>**ROBERT KING, W/H**<br>1032 Newport Mews Dr.<br>Bensalem, PA 19020<br><br>**Plaintiffs**<br>**v.**<br><br>**THE HOME DEPOT, INC.**<br>**d/b/a THE HOME DEPOT**<br>900 Rockhill Drive<br>Bensalem, PA 19020<br><br>**And**<br><br>**THE HOME DEPOT, INC.**<br>**C/O C T CORPORATION SYSTEM**<br>600 North 2ND Street, Suite 401<br>Harrisburg, PA 17101<br><br>**And**<br><br>**HOME DEPOT U.S.A., INC.**<br>c/o Corporate Headquarters<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><br>**And**<br><br>**PARAMOUNT REALTY GP II, LLC**<br>**d/b/a PARAMOUNT REALTY**<br>120 N. Pointe Blvd, Suite 301<br>Lancaster, PA 17601<br><br>**And** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**NO.** |

Case ID: 251201450

**PARAMOUNT REALTY SHOPPING CENTER FUND II, LP d/b/a PARAMOUNT REALTY**
120 N. Pointe Blvd, Suite 301
Lancaster, PA 17601

**And**

**MARKETPLACE AT NESHAMINY**
120 N. Pointe Blvd, Suite 301
Lancaster, PA 17601

**And**

**PARAMOUNT REALTY GP II, LLC d/b/a MARKETPLACE AT NESHAMINY**
120 N. Pointe Blvd, Suite 301
Lancaster, PA 17601

**And**

**PARAMOUNT REALTY SERVICES, INC.**
120 N. Pointe Blvd, Suite 301
Lancaster, PA 17601

**And**

**JOHN/JANE DOE #1-10 and ABC CORP. #1-10,**
**Defendants.**

---

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Kimberly King, is an adult individual, residing at the above-captioned address.

2. Plaintiff, Robert King, is an adult individual, residing at the above-captioned address.

OFFICE OF JUDICIAL RECORDS
Filed and Attested by the Office of Judicial Records 13 JAN 2026 12:33 pm S. GILLIAM

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>LAWYER REFERRAL SERVICE<br>P.O. Box 4733<br>Easton, PA 18042<br>610-258-6333 | Le han demandado a usted en la corte. Si usted qui[illegible] expuestas en las paginas siguientes, usted tiene veinte (20) dias de [illegible] partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita [illegible] y entregar a la corte en forma escrita sus defensas o sus objeciones a [illegible] persona. Sea avisado que si used no se defiende, la corte tomara medid[illegible] puede contin[illegible] la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede [illegible] favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.<br>LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>SERVICIO DE RFERENCIA DE ABOGADOS<br>P.O. Box 4733<br>Easton, PA 18042<br>610-258-6333 |

3. At all relevant times hereto, Plaintiff, Robert King, is and was the spouse of Plaintiff, Kimberly King.

4. Defendant, The Home Depot, Inc. d/b/a The Home Depot, is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, which maintains a place of business at the above-captioned address.

5. Defendant, The Home Depot, Inc., is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, with a registered address for service at the above-captioned address.

6. Defendant, Home Depot U.S.A., Inc., is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, which maintains a corporate headquarters at the above-captioned address.

7. Defendants, The Home Depot, Inc. d/b/a The Home Depot, The Home Depot, Inc., Home Depot U.S.A., Inc., are hereinafter referred to as "Home Depot Defendants."

8. Defendant, Paramount Realty GP II LLC d/b/a Paramount Realty, is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, which maintains a place of business at the above-captioned address.

9. Defendant, Paramount Realty Shopping Center Fund II, LP d/b/a Paramount Realty, is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the

Commonwealth of Pennsylvania, which maintains a place of business at the above-captioned address

10. Defendant, Marketplace at Neshaminy, is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, which maintains a place of business at the above-captioned address.

11. Defendant, Paramount Realty GP II LLC d/b/a Marketplace at Neshaminy, is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, which maintains a principal place of business at the above-captioned address.

12. Defendant, Paramount Realty Services, Inc., is a corporation, partnership, limited partnership, limited liability partnership, limited liability company, fictitious name and/or other legal entity licensed to transact business in the Commonwealth of Pennsylvania, which maintains a principal place of business at the above-captioned address.

13. Defendants, Paramount Realty GP II LLC d/b/a Paramount Realty, Paramount Realty Shopping Center Fund II, LP d/b/a Paramount Realty, Marketplace at Neshaminy, Paramount Realty GP II LLC d/b/a Marketplace at Neshaminy, Paramount Realty Services, Inc., are hereinafter referred to as “Paramount Realty Defendants.”

14. Defendant, John/Jane Doe #1-10, is any individual yet to be identified, involved or liable for causing the accident described below, and whose name is unknown despite a reasonable and significant investigation, that owned, operated, supervised, leased and/or controlled the premises and was involved in the paving, inspection, repair, and maintenance of the premises parking lot, roadway, asphalt, and/or driveway, which is subject of the complaint. The exact name of said

defendant is currently unknown and Plaintiff reserves her right to amend the first complaint as a result of pleading such fictitious parties pursuant to Pa. R.C.P. No. 2005.

15. Defendant, ABC Corporation #1-10, is alleged and therefore averred to be a corporation and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, or another state, and which name is unknown despite a reasonable and significant investigation, that owned, operated, supervised, leased and/or controlled the premises and was involved in the paving, inspection, repair, and maintenance of the premises, parking lot, roadway, asphalt, and/or driveway, which is subject of the complaint. Plaintiff reserves the right to amend the pleading upon discovery of the name of the corporation and/or other business entity pursuant to Pa. R.C.P. 2005.

16. At all times material hereto, the subject premises, facilities, parking lot, roadway, asphalt, and/or driveway located at 900 Rockhill Drive, Bensalem, PA, was owned, operated, directed, leased, managed, maintained, supervised and/or otherwise controlled, in whole or in part, by Defendants.

17. At all times material hereto, all Defendants acted or failed to act jointly and/or severally, through their agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

18. Venue is proper in the County of Philadelphia as one or more of the Defendants regularly conduct business in Philadelphia County.

19. Paramount Realty Defendants own, lease, manage, control and/or operate the property at Philadelphia Plaza, located at 10901 Bensalem Avenue, Philadelphia, PA.

20. Paramount Realty Defendants own, lease, manage, control and/or operate the property at

Columbus Crossing, located at 1851 S. Columbus Blvd., Philadelphia, PA.

21. Home Depot Defendants own, lease, manage, control and/or operate businesses and multiple retail stores throughout Philadelphia County.

22. On or about December 15, 2023, Plaintiff, Kimberly King, was a business invitee and was lawfully walking along or near the parking lot outside of The Home Depot Neshaminy #4134 store located at 900 Rockhill Drive, Bensalem, PA, the premises of which was operated, directed, leased, managed, maintained, supervised and/or otherwise controlled by the Defendants, as depicted in the photographs below:



23. On or about December 15, 2023, Plaintiff, Kimberly, was lawfully walking along or near the parking lot located at 900 Rockhill Drive, Bensalem, PA, when she was caused to lose her balance, trip, stumble and fall, thereby sustaining serious and permanent injuries more fully set forth herein, due to a defective condition of the parking lot, roadway, asphalt, and/or driveway as depicted in the photographs above, causing an uneven walking surface and an unsuspecting fall hazard for pedestrians that had existed in that state for a sufficient time such that Defendants' agents and/or employees knew or should have known of their existence and had time to remedy same.

24. At all times material to the Complaint, Defendants knew or should have known that the aforementioned defective condition of the parking lot, roadway, asphalt, and/or driveway pictured above was dangerous and posed a serious risk of harm to persons such as Plaintiff, Kimberly King.

25. At all times material to the Complaint, Defendants knew that multiple customers and/or pedestrians fell in the days leading up to Plaintiff's fall as a result of the defective condition of the parking lot, roadway, asphalt, and/or driveway pictured above.

26. At all times relevant hereto, Plaintiffs relied upon the fact that Defendants would maintain the premises and area where she was caused to fall in a safe manner and Defendants' failure to maintain same as aforesaid increased the risk of harm to Plaintiff.

27. Ther accident resulted solely from the negligence, carelessness, and recklessness of the Defendants, jointly and/or severally, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

28. As the direct and proximate result of Defendants' negligence, Plaintiff, Kimberly King, suffered multiple injuries, both internal and external, which are serious and permanent in nature, including but not limited to: status-post right peroneus brevis tendon repair, status-post right ankle arthroscopy with microfracture distal tibial osteochondral defect, status-post right ankle arthroscopy with major synovectomy, peroneal tendon rupture, longitudinal split tear of the peroneus brevis tendon, grade 2 sprain of the anterior talofibular ligament of the right ankle, tendonitis of the right peroneus brevis tendon, synovitis and tenosynovitis of the right ankle and foot, sprain and strain of the peroneal muscles and tendons of the right lower extremity, abrasions to left knee, sprain and strain of left knee, internal injuries of an unknown nature, severe aches, pains, mental anguish, severe shock and damage to her entire nervous system, exacerbation of all

known and unknown pre-existing medical conditions, if any, and other injuries which Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

29. As a further result of the aforesaid accident, Plaintiff, Kimberly King, has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which the Plaintiff may continue to expend and incur for an indefinite time into the future.

30. As a further result of the aforesaid accident, Plaintiff, Kimberly King, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

31. As a further result of the aforesaid accident, Plaintiff, Kimberly King, has suffered a diminution of her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

32. As a further result of the aforesaid accident, Plaintiff, Kimberly King, has been unable to attend to her daily chores, duties, and occupations, and will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

33. As a further result of the aforesaid accident, Plaintiff, Kimberly King, has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**COUNT I-NEGLIGENCE**
**KIMBERLY KING v. THE HOME DEPOT, INC, d/b/a THE HOME DEPOT, THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., PARAMOUNT REALTY GP II, LLC d/b/a PARAMOUNT REALTY, PARAMOUNT REALTY SHOPPING CENTER FUND II, LP d/b/a PARAMOUNT REALTY, MARKETPLACE AT NESHAMINY, PARAMOUNT REALTY GP II, LLC d/b/a MARKETPLACE AT NESHAMINY, AND PARAMOUNT REALTY SERVICES, INC.**

34. Plaintiffs hereby incorporate the preceding paragraphs as if the same were herein set forth at length.

35. Defendants breached their duty to use reasonable care to prevent foreseeable harm to

Plaintiff, a business invitee and/or licensee legally and lawfully on the premises.

36. The negligence, carelessness and recklessness of the Defendants, jointly and/or severally, consisted of, but is not limited to, the following:

a. failing to maintain and repair the premises, specifically, the roadway, parking lot and/or asphalt, in a condition which would protect and safeguard persons lawfully upon said premises;

b. failing to properly, completely and thoroughly inspect the roadway, parking lot and/or asphalt;

c. failing to establish a policy of inspection of the roadway, parking lot and/or asphalt;

d. failing to hire a contractor and/or repair person to repair the defective condition;

e. failing to implement policies and procedures to properly maintain and repair the roadway, parking lot and/or asphalt;

f. failing to properly and timely repave, replace and/or repair the defective condition of the roadway, parking lot and/or asphalt;

g. failing to maintain a safe walking surface free from hazards;

h. permitting said area, specifically, walkway, parking lot and/or sidewalk, to become and remain dangerous so as to constitute a menace, danger, nuisance or trap to invitees and/or persons lawfully upon Defendants' premises;

i. failing to have the area, specifically, the roadway, parking lot and/or asphalt, inspected at reasonable intervals in order to determine the condition of same;

j. failing to warn persons using said area, specifically, roadway, parking lot and/or asphalt, of these dangerous conditions;

k. disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises, specifically, roadway, parking lot and/or asphalt;

l. failing to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

m. failing to use due care under the circumstances;

n. creating a trap or nuisance;

o. creating a dangerous condition;

p. failing to place warning signs/cover in an area visible to the Plaintiff and not in an obstructed location;

q. negligence per se;

r. negligence and carelessness at law;

s. such other and further acts of negligence as will be developed by future discovery in ther case.

37. The negligence, carelessness and recklessness of Defendants, jointly and/or severally, their agents, servants, workmen and/or employees, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

**WHEREFORE**, Plaintiffs, Kimberly King and Robert King, demand judgment against the Defendants, The Home Depot, Inc. d/b/a The Home Depot, The Home Depot, Inc., Home Depot U.S.A., Inc., Paramount Realty GP II LLC d/b/a Paramount Realty, Paramount Realty Shopping Center Fund II, LP d/b/a Paramount Realty, Marketplace at Neshaminy, Paramount Realty GP II LLC d/b/a Marketplace at Neshaminy, Paramount Realty Services, Inc., John/Jane Doe #1-10 and ABC Corporation #1-10, jointly and/or severally, their agents, servants, workmen and/or employees in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT II- NEGLIGENCE**
**KIMBERLY KING v. JOHN/JANE DOE #1-10 AND ABC CORP. #1-10**

38. Plaintiffs hereby incorporate the preceding paragraphs as if the same were herein set forth at length.

39. At all times relevant, Defendants, John/Jane Doe #1-10 and ABC Corporation #1-10, were

an individual and/or an entity is any individual yet to be identified, hired by one or more of the co-Defendant owners, landlords, property managers, contractors or subcontractors, and/or paving contractor that owned, operated, supervised, leased and/or controlled the premises, and was involved in the paving, oversight, operation, inspection, repair, safety, and maintenance of the roadway, parking lot and/or asphalt and/or premises which is the subject of the complaint.

40. Defendants breached their duty to use reasonable care to prevent foreseeable harm to Plaintiff, a business invitee and/or licensee legally and lawfully on the premises.

41. The negligence, carelessness and recklessness of the Defendants, jointly and/or severally, consisted of, but is not limited to, the following:

a. failing to maintain and repair the premises, specifically, the roadway, parking lot and/or asphalt, in a condition which would protect and safeguard persons lawfully upon said premises;

b. failing to properly, completely and thoroughly inspect the roadway, parking lot and/or asphalt;

c. failing to establish a policy of inspection of the roadway, parking lot and/or asphalt;

d. failing to hire a contractor and/or repair person to repair the defective condition;

e. failing to implement policies and procedures to properly maintain and repair the roadway, parking lot and/or asphalt;

f. failing to properly and timely repave, replace and/or repair the defective condition of the roadway, parking lot and/or asphalt;

g. failing to maintain a safe walking surface free from hazards;

h. permitting said area, specifically, walkway, parking lot and/or sidewalk, to become and remain dangerous so as to constitute a menace, danger, nuisance or trap to invitees and/or persons lawfully upon Defendants' premises;

i. failing to have the area, specifically, the roadway, parking lot and/or asphalt, inspected at reasonable intervals in order to determine the condition of same;

j. failing to warn persons using said area, specifically, roadway, parking lot and/or asphalt, of these dangerous conditions;

k. disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises, specifically, roadway, parking lot and/or asphalt;

l. failing to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

m. failing to use due care under the circumstances;

n. creating a trap or nuisance;

o. creating a dangerous condition;

p. failing to place warning signs/cover in an area visible to the Plaintiff and not in an obstructed location;

q. negligence per se;

r. negligence and carelessness at law;

s. such other and further acts of negligence as will be developed by future discovery in ther case.

42. The negligence, carelessness and recklessness of Defendants, jointly and/or severally, their agents, servants, workmen and/or employees, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

**WHEREFORE**, Plaintiffs, Kimberly King and Robert King, demand judgment against the Defendants, The Home Depot, Inc. d/b/a The Home Depot, The Home Depot, Inc., Home Depot U.S.A., Inc., Paramount Realty GP II LLC d/b/a Paramount Realty, Paramount Realty Shopping Center Fund II, LP d/b/a Paramount Realty, Marketplace at Neshaminy, Paramount Realty GP II LLC d/b/a Marketplace at Neshaminy, Paramount Realty Services, Inc., John/Jane Doe #1-10 and

ABC Corporation #1-10, jointly and/or severally, their agents, servants, workmen and/or employees in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT III- LOSS OF CONSORTIUM**
**ROBERT KING v. THE HOME DEPOT, INC, d/b/a THE HOME DEPOT, THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., PARAMOUNT REALTY GP II, LLC d/b/a PARAMOUNT REALTY, PARAMOUNT REALTY SHOPPING CENTER FUND II, LP d/b/a PARAMOUNT REALTY, MARKETPLACE AT NESHAMINY, PARAMOUNT REALTY GP II, LLC d/b/a MARKETPLACE AT NESHAMINY, AND PARAMOUNT REALTY SERVICES, INC., JOHN/JANE DOE #1-10 AND ABC CORP. #1-10**

43. Plaintiffs hereby incorporate the preceding paragraphs as if the same were herein set forth at length.

44. At all times relevant hereto, Plaintiff, Robert King, is and was the husband and/or spouse of Plaintiff, Kimberly King.

45. As a direct and proximate result of the negligence of Defendants which caused injuries to his wife, Plaintiff, Kimberly King, Plaintiff, Robert King, has and will in the future suffer the loss and deprivations of the usual services, assistance, society and consortium of his wife and has been required to provide special services and care to her.

**WHEREFORE**, Plaintiffs, Kimberly King and Robert King, demand judgment against the Defendants, The Home Depot, Inc. d/b/a The Home Depot, The Home Depot, Inc., Home Depot U.S.A., Inc., Paramount Realty GP II LLC d/b/a Paramount Realty, Paramount Realty Shopping Center Fund II, LP d/b/a Paramount Realty, Marketplace at Neshaminy, Paramount Realty GP II LLC d/b/a Marketplace at Neshaminy, Paramount Realty Services, Inc., John/Jane Doe #1-10 and ABC Corporation #1-10, jointly and/or severally, their agents, servants, workmen and/or employees in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**STAMPONE O'BRIEN DILSHEIMER**
**HOLLOWAY LAW**

/s/ Kristin H. Buddle

__________________________________

Dated: December 10, 2025

KRISTIN H. BUDDLE, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

I hereby verify that I am counsel for the Plaintiff in the within action and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief; and that the foregoing Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

/s/ Kristin H. Buddle

KRISTIN H. BUDDLE, ESQUIRE
Attorney for Plaintiff

Dated: 12/10/25

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**
By: Kristin H. Buddle, Esquire
Attorney I.D. No.: 312284
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
*Attorney for Plaintiff(s)*

Filed and Attested by the Office of Judicial Records 14 DEC 2025 10:19 pm S. GILLIAM

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

| | | |
|---|---|---|
| **KIMBERLY KING, et al.** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **v.** | : | |
| | : | **DECEMBER TERM, 2025** |
| **THE HOME DEPOT, INC. et al** | : | |
| | : | **NO. 1450** |

**PRAECIPE TO SUBSTITUTE VERIFICATION**

**TO THE PROTHONOTARY:**

Kindly attach and substitute Plaintiffs' Verifications attached hereto for the attorney verification filed with complaint in the above-captioned matter.

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

/s/ Kristin H. Buddle

KRISTIN H. BUDDLE, ESQUIRE
Attorney for Plaintiff

# VERIFICATION

I hereby verify that I am the Plaintiff in the within action and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that the foregoing Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signed by:
8AD33E49708E460...
KIMBERLY KING

**VERIFICATION**

I hereby verify that I am the Plaintiff in the within action and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that the foregoing Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signed by:
Robert King
8A033E49708E460...
ROBERT KING